STATE EX REL. HUSER, Petitioner-Appellant, V. RASMUSSEN, Sheriff of Green Lake County, Respondent.

Supreme Court

*No. 76–759. Decided October 2, 1978.*

(Also reported in 270 N.W.2d 62.)

The following memorandum was filed October 2, 1978.

PER CURIAM *(on motion for rehearing).* Appellant filed a motion for rehearing requesting that this court reconsider its holding that d-cocaine is chemically equivalent to l-cocaine. Respondent opposes rehearing but agrees that the court's holding is too broad. Both parties point out that the controlled substances board has thus far declined to include d-cocaine in the Controlled Substances Act because its abuse potential has not been determined. Schedule II controlled substances are those which the controlled substances board has found to have a high potential for abuse. Sec. 161.15, Stats. The record on appeal does not contain proof of the abuse potential of d-cocaine. It is for the legislature to determine whether d-cocaine can be listed as a Schedule II controlled substance without such proof. For this reason the language in this opinion which holds that d-cocaine is chemically equivalent to l-cocaine is withdrawn. This includes the portion of the opinion which begins with the third paragraph at page 612 and ends at page 613 just above *"RESTRICTION OF CROSS-EXAMINATION."*

Nonetheless, the order of the circuit court must still be affirmed. The criminal proceedings against the appellant had only reached the preliminary examination stage. The issue was whether probable cause existed to bind the defendant over for trial. The trial court was only required to determine that a reasonable probability existed that a crime had been committed and that the defendant had committed it. *State v. Berby,* 81 Wis.2d

677, 683, 260 N.W.2d 798 (1978). If competent evidence exists on which the trial court could have based a finding of probable cause, this court must sustain that finding. *Id.* at 684.

In *State v. Wind,* 60 Wis.2d 267, 208 N.W.2d 357 (1973), this court found that a nonspecific test for marijuana was not itself sufficient to support a conviction. However, the court said:

"... [W]e do not believe that the test need be specific for marijuana in order to be probative. An expert opinion that the substance is probably marijuana even if the test used is not exclusive is probative and admissible, but standing alone is not sufficient to meet the burden of proving the identity of the substance beyond a reasonable doubt. If this were a possession case, the tests would be insufficient. But here, we have other facts which particularize and support the opinion of the expert: namely, the police officer asked for marijuana, and Wind agreed to sell marijuana and charged a price which would indicate it was marijuana. These facts are sufficient with the expert opinion to meet the standards of sufficiency under the 'beyond a reasonable doubt' test." *Id.* at 272.

Similar evidence is available here. Although the test was nonspecific for l-cocaine, the undercover agent's testimony established that on five occasions he asked the defendant to sell him cocaine, and that the defendant agreed and then sold him various quantities of white powder for a total of more than $900.

One of the chemists testified that the Wisconsin state crime laboratory had been unable to obtain d-cocaine for testing and that he believed the drug enforcement administration had had difficulty in obtaining it.

Based on this evidence and that of the circumstances of the sale the trial judge could conclude there was a reasonable probability that the substance in question

was the more common and illegal l-cocaine. The evidence produced at the preliminary examination supports the determination that there was probable cause to believe a felony had been committed by the defendant.

The rehearing is denied and the order staying trial pending rehearing is vacated.