STATE of Wisconsin, Plaintiff-Respondent,

v.

Cleoothur McNEAL, Defendant-Appellant.†

Court of Appeals

*No. 79-251-CR. Submitted on briefs December 14, 1979.—
Decided January 15, 1980.*
(Also reported in 288 N.W.2d 874.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *William J. Tyroler*, assistant state public defender.

For the respondent, the cause was submitted on the brief of *E. Michael McCann*, district attorney, and *Pamela Magee-Heilprin*, assistant attorney general.

Before Decker, C.J., Moser, P.J., and Cannon, J.

CANNON, J.    Defendant was convicted on September 20, 1978, after trial to a jury, of possession of marijuana with intent to deliver contrary to secs. 161.14 (4) (k) and 161.41 (1m) (b) ; possession of cocaine contrary to secs. 161.16 (4) and 161.41 (3) ; and possession of amphetamines, contrary to secs. 161.16 (5) (a) and 161.41 (3), Stats. He was sentenced to two years in the state prison on the first count, and six months each on the second two counts. The sentences on the second two counts were to run concurrently with each other and the first count.

The above-mentioned controlled substances and several items associated with the sale of marijuana were discovered by police officers in defendant's apartment upon execution of a search warrant. The warrant was issued pursuant to information supplied by an informant who claimed that he had purchased controlled substances from defendant's apartment. Defendant was linked to a possessory interest in the apartment by several bills and identification cards.

At trial, the state introduced the testimony of a chemist from the Department of Justice regarding the identification of the substances seized. On appeal, defendant challenges the sufficiency of the proof adduced at trial regarding the identification of the cocaine. Defendant argues that the tests performed, *i.e.*, cobalt triocyanate color test, gas chromatography and mass spectrometry, were insufficient because they did not distinguish the cocaine at issue as l-cocaine rather than its isomer d-cocaine. Defendant cites *State ex rel. Huser v. Rasmussen*, 85 Wis.2d 441, 270 N.W.2d 62 (1978, *rehearing*) for the rule that not all forms of cocaine are proscribed under sec. 161.16 (4), Stats. This decision was a per curiam on a motion for a rehearing in an earlier case, *State ex rel. Huser v. Rasmussen*, 84 Wis.2d 600, 267 N.W.2d 285 (1978). The court on rehearing held that d-cocaine and l-cocaine are not chemically equivalent, and that because the abuse potential of d-cocaine has not been determined, it does not fall within Schedule II of the Controlled Substances Act. The court had earlier held that it was not necessary to prove the existence of a particular form of cocaine to support a conviction. Defendant maintains that without proof of the type of cocaine involved here he cannot be convicted of possessing a controlled substance.

Defendant's reliance on the *Huser* rehearing opinion at 85 Wis.2d 441, 270 N.W.2d 62 (1978) is misplaced, for the decision was not filed until October 2, 1978. Defendant's trial occurred on September 18, 1978, and he was found guilty on September 20, 1978. Thus, the state could not have been aware of the necessity of introducing proof as to the existence of d-cocaine or 1-cocaine in the substances seized from defendant's apartment. The law at the time of defendant's trial was determined by the earlier *Huser* opinion found at 84 Wis.2d 600, 267 N.W.2d 285 (1978), wherein both isomers of cocaine were held to be proscribed controlled substances. Defendant's conviction is, therefore, affirmed.

While defendant's reliance on the *Huser* rehearing opinion is misplaced in this particular fact situation, his arguments are well taken. We hold that in the future it will be incumbent upon the state to offer into evidence proof that will enable the trier of the fact to reasonably determine that the defendant had possession of 1-cocaine as distinguished from d-cocaine. In the absence of such proof, the state will have failed to meet the burden of proving the identity of the cocaine beyond a reasonable doubt. A conviction for possession of cocaine could not then be supported.

Defendant also alleges that the trial court coerced a verdict by instructing the jury that it should not consider the lesser included offense of possession of marijuana until it had acquitted the defendant of the greater offense of possession with intent to deliver.

We find defendant's allegation to be without merit for several reasons. First, there was no objection at the instruction conference. Section 805.13(3), Stats., requires that any objection be made at the instruction conference or it is waived:

■

**805.13   Jury Instructions; form of verdict.**

(3) Instruction and verdict conference.   At the close of the evidence and before arguments to the jury, the court shall conduct a conference with counsel outside the presence of the jury.   At the conference, or at such earlier time as the court reasonably directs, counsel may file written motions that the court instruct the jury on the law, and submit verdict questions, as set forth in the motions.   The court shall inform counsel on the record of its proposed action on the motions and of the instructions and verdict it proposes to submit.   Counsel may object to the proposed instructions or verdict on the grounds of incompleteness or other error, stating the grounds for objection with particularity on the record.   Failure to object at the conference constitutes a waiver of any error in the proposed instructions or verdict.

The record before us clearly indicates that while defense counsel objected to one of the instructions, he specifically indicated his approval of the jury charge found in Wis. J I—Criminal 6035, i.e., "Possession with Intent to Deliver a Controlled Substance [Wis. Stat. §161.41(1m)] with Lesser Included Offense of Possession of a Controlled Substance [Wis. Stat. §161.41(2r)(a)]."   This standard instruction was subsequently given to the jury.[1]

---

[1] If you are satisfied beyond a reasonable doubt from the evidence in this case that the defendant possessed a substance; that such substance was Marijuana; that the defendant knew or believed that it was Marijuana; and that the defendant possessed such substance with intent to deliver it, then you should find the defendant guilty of possession with intent to deliver Marijuana as to Count One. If, however, you are not so satisfied, then you must find the defendant not guilty of possession with intent to deliver Marijuana. If you did not find the defendant guilty with possession with intent to deliver as to Count One, then you must consider whether or not the defendant is guilty of simple possession of Marijuana, as to Count One.

In the event that you found it necessary to consider whether or not the defendant is guilty of simple possession of Marijuana, then if you are satisfied beyond a reasonable doubt from the evidence in this case, that the defendant possessed a substance, that such substance was Marijuana, and that the defendant knew or believed

We hold that defendant waived any objection to the form of the instruction by acquiescing at the time of the conference.

Moreover, defendant is not entitled to review of this question on the ground that the instruction misstated the law or coerced the jury. We believe that this issue is controlled by *Dillon v. State,* 137 Wis. 655, 667–8, 119 N.W. 352, 357 (1909):

It is insisted that the court made an erroneous submission to the jury, in that he in effect instructed it that it must first take up the question of murder in the first degree, and, if it did not find the necessary facts to convict, it should then take up the next lower degree of homicide, and so proceed down the line until it came to the questions of justifiable or excusable homicide. In instructing the jury as to each particular degree of homicide the court said that the consideration by the jury of the lower grade would depend and be conditioned upon its failure to find the defendant guilty of some higher grade of offense. The order in which the jury was instructed to take up the consideration of the case was entirely proper, and it was proper for the court to say to the jury that it need not consider a lower grade of offense if it found the defendant guilty of a higher one.

that it was Marijuana, then you should find the defendant guilty of possession of Marijuana.

If, however, you are not satisfied beyond a reasonable [doubt] from the evidence in this case that the defendant committed either possession of Marijuana with intent to deliver or sinple [*sic*] possession of Marijuana as to Count One, then you must find the defendant not guilty as to that Count.

You are not, in any event, to find the defendant guilty of more than one of the foregoing offenses as to Count One. If you are satisfied beyond a reasonable doubt from the evidence in this case that the defendant committed possession of Marijuana with intent to deliver, the offense charged in Count One of the Information, you should find him guilty of that offense, and you must not find him guilty of the other lesser included offense of simple possession, which I have submitted to you.

We read *Dillon* as an express approval of the procedure employed by the trial court in this case. Based on this controlling precedent, we refuse to adopt the reasoning of courts from other jurisdictions cited by defendant.[2] In sum, we do not find the challenged instruction to be unconstitutionally coercive.

*By the Court.*—Judgment affirmed.

---

[2] *People v. Johnson*, 83 Mich. App. 1, 268 N.W.2d 259 (1978); *People v. Summers*, 73 Mich App. 411, 251 N.W.2d 311 (1977); *People v. Ray*, 43 Mich. App. 45, 204 N.W.2d 38 (1972); *People v. Harmon*, 54 Mich. App. 393, 221 N.W.2d 176 (1974); *State v. Ogden*, 35 Or. App. 91, 580 P.2d 1049 (1978).

† Petition to review denied.