STATE of Wisconsin, Plaintiff-Respondent,

v.

Patrick J. DORCEY, Defendant-Appellant.†

Court of Appeals

*No. 79–1171–CR. Submitted on briefs August 11, 1980.—*
*Decided September 15, 1980.*
(Also reported in 298 N.W.2d 213.)

† Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *David C. Niblack,* state public defender, with whom on the briefs were *Louis Butler,* assistant state public defender, assisted by *Anne B. Petersen,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, with whom on the brief was *Sally Wellman,* assistant attorney general.

Before Decker, C.J., Moser, P.J., and Cannon, J.

DECKER, C.J.   Defendant was convicted on June 13, 1979, after trial to a jury, of delivery of a controlled substance, cocaine, as party to a crime, contrary to secs. 161.16(4), 161.41(1)(b), and 939.05, Stats. Defendant appeals from the judgment of conviction, raising numerous arguments addressed below. We affirm.

## SUBJECT-MATTER JURISDICTION

Defendant's first argument is grounded in the oft-stated rule that an information[1] charging no offense known to law is insufficient to bestow jurisdiction on a court,[2] and takes the following form:

---

[1] While defendant raises the same argument as to the complaint, our supreme court has held that a defect in the criminal complaint does not affect the trial court's jurisdiction, because the information is the essential charging document. *Clark v. State,* 62 Wis.2d 194, 199–200, 214 N.W.2d 450, 452–53 (1974).

[2] *See, e.g., State v. Dreske,* 88 Wis.2d 60, 81, 276 N.W.2d 324, 334 (Ct. App. 1979). *See also State v. Bagnall,* 61 Wis.2d 297, 305–06, 212 N.W.2d 122, 127 (1973), and cases cited therein at n. 9.

(1) delivery of l-cocaine, a derivative of coca leaves, is a crime, while delivery of d-cocaine, an isomer of l-cocaine, is not;[3]

(2) the information charged defendant in generic terms with delivery of "cocaine," failing to distinguish between l-cocaine and d-cocaine;

(3) therefore, defendant could have been charged with an offense not known to law, delivery of d-cocaine, as easily as with delivery of l-cocaine, concededly a crime.

Any such alleged defect was cured by recital in the information of sec. 161.16(4), Stats., which defines cocaine as "[c]oca leaves and any salt, compound, derivative or preparation thereof . . . ," and clearly includes l-cocaine. Our supreme court in *State ex rel. Huser v. Rasmussen,* 85 Wis.2d 441, 442, 270 N.W.2d 62–63 (1978), excluded d-cocaine from the definition in sec. 161.16(4). Defendant concedes that d-cocaine, unlike l-cocaine, is not a derivative of coca leaves. The information clearly was charging the offense of delivery of l-cocaine, contrary to sec. 161.16(4).

Because we hold that a crime was charged in the information, any further complaint on the part of the defendant is answered by sec. 971.26, Stats.,[4] which requires a showing of actual prejudice to the defendant before any alleged defect in an information has legal effect. *State v. Bagnall,* 61 Wis.2d 297, 305, 212 N.W.2d 122, 127 (1973). Defendant has complained of no such prejudice, and we find none in the record. We also note that even though defendant was convicted prior to *State v. McNeal,* 95

[3] *See State ex rel. Huser v. Rasmussen,* 85 Wis.2d 441, 442, 270 N.W.2d 62–63 (1978).

[4] 971.26: Formal defects. No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant.

Wis.2d 63, 288 N.W.2d 874 (Ct. App. 1980), the state did, as required by that decision, offer proof at trial that the substance in question was l-cocaine.

## CONFRONTATION

Defendant contends that he was denied his constitutional right to confront and cross-examine witnesses against him at the preliminary hearing[5] and at trial. At both proceedings a police officer was allowed to testify as to statements made to him or in his presence by one Eickstaedt, who arranged the drug sale in which defendant participated. Eickstaedt died prior to the proceedings, and defendant argues that statements attributed to Eickstaedt should have been excluded at trial and at the preliminary hearing because it is impossible to confront a dead man. That argument was originally rejected in 1895, *Mattox v. United States,* 156 U.S. 237, and again in 1980, *Ohio v. Roberts,* —— U.S. ——, 48 U.S.L.W. 4874.

The relationship between the confrontation clause and the hearsay rule with its many exceptions has been most recently addressed by the United States Supreme Court in *Ohio v. Roberts, supra:*

[W]hen a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia

---

[5] Defendant points out that, contrary to federal practice, in Wisconsin defendants are statutorily entitled to cross-examine adverse witnesses at a preliminary hearing, sec. 970.03(5), Stats., and argues that denial of this statutory entitlement amounts to a due process violation. Our holding that admission of the statements complained of did not violate the confrontation clause is equally applicable to sec. 970.03(5), Stats., so there was no denial of a statutory entitlement.

of reliability." *Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.* [Emphasis added.] 48 U.S.L.W. at 4877.

Intervening death of a witness clearly satisfies the unavailability requirement. *Ohio v. Roberts, supra* at 4879.

A "firmly rooted hearsay exception" is found in sec. 908.045(4), Stats.: "Statement against interests. A statement which . . . at the time of its making . . . so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless the person believed it to be true." Eickstaedt:

(1) admitted having a source of cocaine available;

(2) said he wanted $2,150 front money for an ounce of cocaine;

(3) termed his source "top shelf;"

(4) said that the cocaine would be 60% pure;

(5) expressed concern because there had recently been twenty-three cocaine-related arrests in the area;

(6) stated that he would meet his source in about ten minutes;

(7) suggested upon return that they go downstairs because he did not like dealing in front of his children; and

(8) guaranteed that the bag he had just delivered contained an ounce of cocaine.

These statements fall within the statement against interest exception, and the declarant was unavailable. The requirements of the confrontation clause have been met. *Ohio v. Roberts, supra.*

## SUFFICIENCY OF EVIDENCE

Defendant argues that the evidence presented at the preliminary hearing was insufficient to establish prob-

able cause to bind him over for trial. It is asserted that the evidence remaining in the record once Eickstaedt's statements are excluded is insufficient. We have held that admission at the preliminary hearing of the statements through the police officer's testimony did not violate defendant's confrontation rights and that the statements should not be excluded.

Defendant also contends that the state failed to show that a crime had been committed because no evidence was introduced at the preliminary hearing that the substance delivered was l-cocaine, as opposed to d-cocaine. Although the test results at the preliminary hearing stage[6] were non-specific for l-cocaine, this evidence, combined with evidence of the suspicious circumstances of the sale, the seller's fear of arrest, the strongly implied availability of a second ounce, and the price paid constitutes competent evidence on which the magistrate could have based a finding of probable cause. *State v. Berby,* 81 Wis.2d 677, 684, 260 N.W.2d 798, 802 (1978). *See also State ex rel. Huser v. Rasmussen,* 85 Wis.2d 441, 443, 270 N.W.2d 62–63 (1978).

## JURY INSTRUCTIONS

The trial court, with defendant's approval, gave the standard jury instruction on controlled substances which includes a charge that the state must prove that the substance in question was a controlled form of cocaine. Defendant now contends for the first time that the trial court, although not requested to do so, should have further instructed the jury on the distinction between l-cocaine and d-cocaine.

---

[6] Note that the state did prove at trial that the controlled substance involved in this case was l-cocaine. *See State v. McNeal,* 95 Wis.2d 63, 66, 288 N.W.2d 874–75 (Ct. App. 1980).

The well-established general rule in Wisconsin is that there is no right to raise on appeal an error where there has been a waiver in the trial court. *Roehl v. State,* 77 Wis.2d 398, 414, 253 N.W.2d 210, 218 (1977). This court can review error on appeal notwithstanding waiver, however, where the alleged error is so plain or fundamental that it affects the substantial rights of the defendant. *Randolph v. State,* 83 Wis.2d 630, 638, 266 N.W.2d 334, 338 (1978). An objection to jury instructions will not be waived when the instruction given misstates the law rather than being simply imperfect or incomplete. *Randolph v. State, supra* at 638, 266 N.W.2d at 338. We view defendant's argument for further instruction as falling into the latter category.

The instruction given was not a misstatement of law, and defendant's untimely challenge and correction to the instruction by adding the l-cocaine and d-cocaine distinction would, at best, make the standard instruction more complete. The claimed deficiency in the instruction was not plain or fundamental error. The state introduced uncontroverted evidence at trial that the substance in question was l-cocaine and not d-cocaine. Defendant was free to argue the distinction to the jury and to contend that the state had not met its burden of proof that the substance was a controlled form of cocaine. In the light of the uncontroverted evidence, the futility of such an argument should be self-evident.

*By the Court.*—Judgment affirmed.[7]

---

[7] In a supplementary letter, Dorcey has cited *State v. Thomas,* slip. op. 79–1359–CR (Ct. App. 1980), and *United States ex rel. Haywood v. Wolff,* 490 F. Supp. 1154 (N.D. Ill., E.D. 1980), in support of his claim of confrontation denial. Reliance upon those cases is misplaced. In the first case, the hearsay testimony did not fall within any hearsay exception. In the second, the former testimony of a witness at a preliminary examination was used at trial, although relevant cross-examination of the witness had been denied to the accused.