STATE of Wisconsin, Plaintiff-Appellant,

v.

Barry A. DISHMAN, Defendant-Respondent.

Court of Appeals

No. 80–1658–CR. Argued April 27, 1981.—Decided September 2, 1981.

(Also reported in 311 N.W.2d 217.)

For the plaintiff-appellant there was a brief by *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general. Oral argument by *Thomas J. Balistreri.*

For the defendant-respondent there was a brief by *John O. Olson* of *Braden & Olson* of Lake Geneva. Oral argument by *John O. Olson.*

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J. The State appeals from an order dismissing two counts against Barry Dishman for delivery of marijuana. At the conclusion of the preliminary hearing, the trial court held, as a matter of law, that the State was required to present either the testimony of a chemist or a chemist's report to show probable cause that the substance in issue was marijuana. We do not agree that in every marijuana case an opinion of an expert is

a precondition to a finding of probable cause at a preliminary hearing that a substance is marijuana. We reverse and remand.

Dishman was charged on May 8, 1980 with two counts of delivering marijuana in violation of sec. 161.41 (1) (b), Stats. Mr. David Lind, a undercover agent for the city of Whitewater, testified at the preliminary hearing. His testimony in summary is as follows. The first purchase from the defendant occurred on March 20, 1980. At the time of the purchase, Lind asked the defendant if he would sell him some "pot." The defendant informed Lind that he had only one bag for sale. Lind agreed to purchase the bag, and they went to the defendant's room to complete the transaction. While in the defendant's room, the defendant handed Lind a clear plastic bag which contained a "green leafy plant material with some stems and seeds, and it appeared to be what I have seen and what's been identified to me before as marijuana." Lind paid the defendant $17.50 for the bag and its contents. Lind stated that he had seen marijuana on six to twelve prior occasions during his training in police science and in the department. On that basis, and without objection from the defendant's counsel, he identified the substance Dishman sold him as marijuana. Lind further testified that he turned over the materials he received from Dishman to a field investigator. Lind watched the field investigator perform the Duquenois-Levine field test, and he testified that the results were positive.

Subsequent to the first purchase, Lind went to the defendant's room to attempt another buy of marijuana. The defendant informed him he did not have any for sale but agreed to take Lind's phone number and call him when there was more available. On April 24, 1980, the defendant called Lind, and being informed that the defendant had more "pot" for sale, Lind again went to the defendant's room. While in the defendant's room, Lind

witnessed the defendant weigh out one-half of an ounce on a scale. The defendant informed Lind that this was "better than that last stuff." Lind paid the defendant $17.50 for the bag which contained a substance similar in appearance to the substance purchased on the first occasion. Lind left the defendant's room and once again observed an investigator perform the Duquenois-Levine test, which showed a result consistent with the substance being marijuana. On cross-examination, Lind testified that the Duquenois-Levine test is "not conclusive but it is a very good probability that if it does come up positive it is in fact marijuana."

The State argues that the trial court erred in requiring, as a matter of law, either a chemist's testimony or a chemist's report to identify marijuana at a preliminary hearing. It relies upon the holding in *State v. Doyle,* 96 Wis. 2d 272, 291 N.W.2d 545 (1980), in which the supreme court held that a chemist's findings are not necessary to show probable cause for arrest. The trial court here refused to apply *Doyle* because *Doyle* involved the level of probable cause for an arrest, which is lower than the level of probable cause for a bindover at a preliminary hearing.

We agree with the State that the reasoning applied in *Doyle* extends through the preliminary hearing in those cases where the State is trying to show that a substance is marijuana. In *Doyle,* the police arrested the defendants after a civilian informant told the police that he saw the defendants loading bundles of marijuana into their car. The trial court dismissed the charges because it found that the arrest was made without probable cause. The supreme court held that the officers had probable cause to arrest. The defendants argued that the officers had no right to rely upon a citizen informant's opinion that the substance was marijuana, and, thus, they lacked

probable cause. The supreme court rejected this argument and stated:

> While we recognize that [the informant] was not a chemist or an expert on drugs, this court has held in *State v. Paszek,* 50 Wis. 2d 619, 184 N.W.2d 836 (1971) that an expert's opinion is not required, *at the probable cause stage of the criminal proceedings,* to establish that the substance at issue was a controlled substance such as marijuana . . . .

*Id.* at 288, 291 N.W.2d at 553. (Emphasis added).

The standard of proof at a preliminary hearing, although higher than that required for an arrest warrant, is less than the "beyond a reasonable doubt" standard necessary at trial:

> A defendant may be bound over for trial when the evidence at the preliminary hearing is sufficient to establish probable cause that a crime has been committed and that the defendant probably committed it.
> The probable cause that is required for a bindover is greater than that required for the issuance of an arrest warrant, but guilt beyond a reasonable doubt need not be proven.

*State v. Berby,* 81 Wis. 2d 677, 683, 260 N.W.2d 798, 801 (1977). (Footnotes omitted).

Unlike a trial, a preliminary hearing does not require conclusive proof of facts:

> A preliminary hearing is not an evidentiary trial, and guilt need not be established beyond a reasonable doubt. *Rather, at a preliminary hearing, a court is concerned with the practical and nontechnical probabilities of everyday life in determining whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty.*

*State ex rel. Huser v. Rasmussen,* 84 Wis. 2d 600, 605–06, 267 N.W.2d 285, 288–89, *motion for rehearing denied,* 85 Wis. 2d 441, 270 N.W.2d 62 (1978), citing *Taylor v.*

*State,* 55 Wis. 2d 168, 173, 197 N.W.2d 805, 807 (1972) (emphasis added, citations omitted).

Since the standard at a preliminary hearing is that of probable cause, there may not be a need for expert testimony or a conclusive chemist's finding to identify marijuana in every particular case. In *State v. Paszek,* 50 Wis. 2d 619, 184 N.W.2d 836 (1971), the defendant tried to suppress evidence of the substance taken from him after a store clerk told police that the defendant had offered to sell it to her as marijuana. The supreme court affirmed the trial court's ruling that the police had probable cause to arrest. The supreme court rejected the view that probable cause identification of marijuana was an area requiring expert opinion:

Clearly, [the store clerk] was not qualified to give an expert opinion as to the nature of the substance which defendant offered to sell her. However, such scientific accuracy was not required at this stage. Her opinion that the substance was marijuana was used in the realm of establishing probable cause, not to uphold a conviction. Her observation of the substance, coupled with defendant's statement to her that it was marijuana, was amply sufficient to sustain her opinion.

*Id.* at 629, 184 N.W.2d at 842.

We conclude that, as a matter of law, expert testimony is not required in every case at a preliminary hearing to show probable cause that a substance is marijuana. Whether or not the State has met its burden of proof at a preliminary hearing without producing expert testimony must be decided on a case-by-case basis by the presiding judge.

The admission of opinion evidence, pursuant to sec. 907.01, Stats., lies within the sound discretion of the presiding judge at the preliminary hearing. At those preliminary hearings in which the State introduces the report of the State Crime Laboratory chemist, the de-

fendant has the right to compel the State to produce the chemist for cross-examination in accordance with sec. 165.79(3), Stats.[1] This right of the defendant to cross-examine the expert is not related to the issue of what evidence is necessary to prove probable cause for a bind-over. A right to cross-examine should not be equated with a requirement to produce either the report or the expert.

On remand, the trial court shall make its determination of whether probable cause exists that a felony was committed and that this defendant committed it based upon the evidence adduced at the preliminary hearing.

*By the Court.*—Order reversed and cause remanded with directions.

---

[1] Effective July 31, 1981, the expert need not appear as a witness in order to have his report admitted into evidence. Section 165.79(3)(b), Stats., as amended by ch. 20, sec. 1488, Laws of 1981.