STATE of Wisconsin, Plaintiff-Respondent,

v.

David G. STEVENS, Defendant-Appellant.†

Court of Appeals

*No. 83–2098–CR. Submitted on briefs June 13, 1984.—Decided July 24, 1984.*
(Also reported in 354 N.W.2d 762.)

† Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Margaret A. Maroney,* assistant state

public defender, with *Waring Fincke,* assistant state public defender of counsel, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with *Thomas J. Balistreri,* assistant attorney general, of counsel, of Madison.

Before Decker and Moser, JJ. and Michael T. Sullivan, Reserve Judge.

MOSER, J.   David G. Stevens (Stevens) appeals his convictions for party to the crime of possession of cocaine with intent to deliver in violation of secs. 161.16(4), 161.41(lm)(b) and 939.05, Stats. (1979), and for possession of marijuana with intent to deliver in violation of secs. 161.14(4)(k), 161.41(lm)(b) and 939.05, Stats. (1979). These two felonies were committed on December 29, 1979.

Stevens also pleaded guilty to misdemeanor counts of possession of cocaine in violation of secs. 161.16(4) and 161.41(3), Stats. (1979), and possession of marijuana in violation of secs. 161.14(4)(k) and 161.41(3), Stats. (1979), for another two offenses that occurred on December 30, 1979, the day after the two felonies.

Stevens argues two issues on appeal. He first argues that the trial court erred in refusing to suppress evidence obtained from a search of his garbage. Because information from the illegal search of his garbage was used later in obtaining a warrant to search his home, Stevens concludes that drugs and paraphernalia seized in the search of his home also should have been suppressed. Secondly, he argues that his guilty pleas to misdemeanor drug possession charges foreclosed the felony charges against him on double jeopardy grounds.

The state and Stevens entered into a stipulation of facts concerning the garbage pickup at Stevens' residence located at 8785 Spruce Road in River Hills, Wisconsin.

Sheriff's deputy David Iushewitz, who was investigating Stevens, asked the River Hills Village Department of Public Works if, following their ordinary garbage pickups of December 14, and December 28, 1979, they would turn over the garbage from Stevens' home to the sheriff's office for inspection. On both dates the garbage was not outside Stevens' home for pickup. The garbage collector went to the front door of the residence, announced who he was and asked for the garbage. The automatic garage door was opened from inside the residence, the garbage collector entered the garage and collected the garbage which was later turned over to Iushewitz. On both occasions the garbage was examined and information gathered from it was used to support a request for a search warrant.

On December 28, 1979, a trial judge granted a search warrant and a search was conducted on December 29, 1979, when Stevens was not at home. The search warrant resulted in a seizure of marijuana, cocaine, paraphernalia and money.

On December 30, 1979, as he was returning from vacation, Stevens was arrested for two felony counts of party to the crime of possession of cocaine and marijuana with intent to deliver. The arrest took place on the driveway outside his home. When arrested, Stevens asked if he could take a shoulder bag he had left in his car to the police station and he was allowed to bring the bag. On inventory of its contents at the police station, a small vial of cocaine was found and a small amount of marijuana. This marijuana and cocaine found in the shoulder bag resulted in the misdemeanor counts for possession with which Stevens was charged.

Stevens filed motions to suppress the evidence found in the garbage and in the search of his home, but the motions to suppress were denied. On September 14, 1981, Stevens pleaded guilty to the two misdemeanor charges.

The plea was accepted by the court, but sentencing on the misdemeanors was withheld pending the resolution of the felony counts.

Stevens then filed a motion to dismiss the felony counts on the basis of double jeopardy because the cocaine and marijuana found in his shoulder bag were from the same cache of cocaine and marijuana found in the search of his home. The trial court denied the double jeopardy motions. After a jury trial Stevens was convicted of the felony charges and the trial court entered judgment on the verdict. He was sentenced to three years in prison for the felony cocaine conviction and to a concurrent two-year sentence on the felony marijuana conviction. The court then sentenced Stevens to time served for his guilty plea and conviction on the misdemeanor cocaine charge and fined him $100 for the misdemeanor marijuana conviction. From this judgment, Stevens appeals.

## CLAIMED ILLEGAL SEARCHES

Stevens first claims that the December 14 and 28, 1979, searches and seizures of his garbage were *per se* illegal because they were conducted in a locked garage where he was entitled to a reasonable expectation of privacy and to be free of unreasonable searches and seizures. He also argues that the search of his garbage was obtained by subterfuge, in that the garbage collector, as an agent of the state, deceived him into opening his garage door. Because deception was involved, no free and voluntary consent to enter was obtained and the search and seizure were illegal, Stevens argues.

There is no doubt that the warrantless search of a home, its curtilage or, in this case, a garage is *per se* unreasonable[1] and the seizure of anything in areas in or around the home should be suppressed.

---

[1] *See Ball v. State,* 57 Wis. 2d 653, 660–61, 205 N.W.2d 353, 356–57 (1973).

No expectation of privacy exists in garbage which has been placed beyond the curtilage of the home and within easy public access for removal.[2] In this case, the state argues that Stevens expressly consented to the garbage pickup. A search pursuant to consent may not be more intensive than was contemplated by the consent.[3] The scope of activities reasonably expected by the consenting occupant is a key consideration in deciding if consent was valid. A warrantless search and seizure will be valid if consented to by the occupant and if conducted for the purpose contemplated by the occupant.[4] Consent is invalid if obtained by coercion or misstatement of authority.[5] In the investigation of some criminal cases, stealth and strategy are necessary weapons of the police.[6]

Here, on both occasions, the law enforcement agency obtained the cooperation of the village garbage department and the regular garbage collector for Stevens' home. The garbage collector was admitted to the garage when the person inside the home opened the electric garage door from within; they then obtained Stevens' garbage

---

[2] See United States v. Reicherter, 647 F.2d 397, 399 (3rd Cir. 1971); United States v. Shelby, 573 F.2d 971, 973–74 (7th Cir. 1978); United States v. Crowell, 586 F.2d 1020, 1025 (4th Cir. 1978). The exception to this general rule is People v. Krivda, 486 P.2d 1262, 1268–69 (Cal. 1971) where the California supreme court held that a person retains a privacy expectation in garbage until it is intermingled with other garbage and until it has lost its identity and meaning. It must be noted that Krivda has been interpreted narrowly in California and rejected elsewhere; see 1 W. Ringel, Searches & Seizures, Arrests and Confessions § 8.5 (a)(2) (2d ed. 1984).

[3] Walter v. United States, 447 U.S. 649, 656 (1980).

[4] United States v. Ressler, 536 F.2d 208, 211 (7th Cir. 1976); see also Ringel, supra note 2, § 8.6.

[5] See State v. Rodgers, 119 Wis. 2d 102, 110–11, 349 N.W.2d 453, 457 (1984).

[6] Id. at 123, 349 N.W.2d at 463 (Abrahamson, J., dissenting).

and later turned it over to the deputy sheriff. The garbage collector's entry, although it was as the sheriff's agent, was for the limited purpose contemplated by Stevens. Stevens put no express limitations on his consent and he admittedly opened the door so the collector "could do what he wanted to do" with the garbage. Even though the entry was for the surreptitious purpose of turning the garbage over to the deputy sheriff to inspect it for contraband, this slight deception was not enough to vitiate Stevens' consent. Stevens gave his consent to extract the garbage from the garage and thus his complaint of surreptitious purpose must fail because his consent was fully given, regardless of whether the consent was obtained by a slight deception.[7]

Because the evidence from Stevens' garbage was properly obtained by the state, the search warrant obtained as a result of the search through the garbage was properly issued and was sufficient to buttress the search of the premises on December 28, 1979, and the seizure of the various drugs, paraphernalia and money. Therefore, the trial court was correct in denying the motion to suppress both the results of the garbage seizure and the results of the search of the premises.

## DOUBLE JEOPARDY

Stevens next complains that the double jeopardy proscriptions of both the United States and the Wisconsin constitutions[8] were violated when he was convicted and

[7] 2 W. LaFave, Search and Seizure § 8.2, 680, 685 (1978); *see also Rodgers, supra* note 5, at 110–11, 349 N.W.2d at 457. In this case it appears to this writer that the majority opinion asserts the principle that an uncoerced deceptive police entry to a home without a search warrant is proper if consent to enter the home is given voluntarily under the totality of the circumstances.

[8] U.S. Const. amends. V and XIV; Wis. Const. art. I, § 8.

sentenced for the felonies of possession of cocaine and marijuana with intent to deliver. He argues that because he was convicted, on his guilty plea, of the misdemeanor counts of possession of cocaine and marijuana, and because the drugs found in his shoulder bag were from the same cache of cocaine and marijuana seized in the search of his home, he was subjected to multiple prosecutions and multiple sentences for a single offense.

The United States Supreme Court recently answered this question in *Ohio v. Johnson*.[9] In that case, the state charged Johnson with separate counts of murder, involuntary manslaughter, aggravated robbery and grand theft. In Ohio, manslaughter is a lesser-included offense of murder and grand theft is a lesser-included offense of aggravated robbery. At his arraignment, over the objections of the Ohio state's attorney, Johnson pleaded guilty to the lesser offenses of involuntary manslaughter and grand theft. The Ohio trial court accepted the plea and found him guilty. Johnson then moved to dismiss the murder and aggravated robbery charges on the grounds of double jeopardy and his motion was granted by the trial court and affirmed by the Ohio appellate courts.

The United States Supreme Court reversed, holding that this artful dodge was improper, and that the double jeopardy clause could not be used as a sword to prevent the state from prosecuting the remaining charges.[10] It further stated that to employ the double jeopardy protections in this manner denied the state its right to a fair opportunty to convict those who have violated its laws.[11] Justice Rehnquist, writing for the majority, stated: "Presumably the trial court, in the event of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing

---

[9] 52 U.S.L.W. 4748 (U.S. June 12, 1984).
[10] *Id.* at 4750.
[11] *Id.*

even the trial of the more serious offenses that stage of the prosecution was never reached."[12] Immediately thereafter he wrote: "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution."[13]

In the instant case, Stevens was charged in one complaint with separate felony counts of possession of cocaine and marijuana with intent to deliver and also was charged with separate misdemeanor counts of possession of cocaine and marijuana. He pleaded guilty to the misdemeanor counts. It should be noted that the Milwaukee district attorney did not object to the plea, provided however, that acceptance of the pleas did not jeopardize the trial of the felony charges. Sentencing on the misdemeanors was stayed pending the trial of the two felony charges.

If the felony and misdemeanor charges in this case were both for the same offense, and if Stevens were convicted of both charges and punished for both, the resultant separate convictions and sentences, indeed, would be multiple and would violate the Double Jeopardy Clauses of the United States and Wisconsin constitutions.[14] There is no doubt that the Wisconsin misdemeanor charges of possession of cocaine and marijuana are lesser-included offenses respectively of the felony charges of possession of cocaine and marijuana with intent to deliver.[15] A greater offense and a lesser-included offense may be considered the same crime for double

---

[12] *Id.* at 4749.

[13] *Id.*

[14] *Brown v. Ohio,* 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)).

[15] *See State v. McNeal,* 95 Wis. 2d 63, 67, 288 N.W.2d 874, 876 (Ct. App. 1980).

jeopardy purposes, because usually the lesser offense requires no proof beyond that which is required for conviction of the greater.[16]

Here, the state claims that because the seizures were made one day apart, two separate violations occurred. Stevens, however, filed with his motion to dismiss the felony charges an affidavit stating that the cocaine and marijuana seized at the police station from his shoulder bag was from the same cache of drugs seized at his home during the warranted search of December 29, 1979. Because there was only one offense, and because Stevens pleaded guilty to the misdemeanor charges stemming from that single offense, he argues that his conviction and sentencing for the felonies violated the Double Jeopardy Clause.

*Johnson* has answered this question of legalized gamesmanship by holding that the Double Jeopardy Clause does not foreclose the trial of a defendant on more serious charges when he has pleaded guilty to lesser-included charges stemming from the same offense.[17] Because the only evidence in the record is that the drugs found in Stevens' shoulder bag in the misdemeanor counts were part of the cache found in the warranted search of his home, we agree with Stevens that one act occurred. We remand this matter to the trial court and order that to avoid the double jeopardy problem of cumulative punishment, the misdemeanor sentences be vacated and the misdemeanor counts be dismissed. This will effectively eliminate any double jeopardy problems and will comport with the United States Supreme Court's logic in *Johnson*. Anything less would thwart the state's rights to prosecute rightful complaints. We affirm the felony convictions but reverse and remand the misdemeanor convictions.

---

[16] *Brown, supra* note 14, at 168.

[17] *Johnson*, 52 U.S.L.W. at 4750.

*By the Court.*—Judgment affirmed in part and reversed in part with directions.